[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Pursuant to an Order entered on February 12, 1992, the Superior Court, the Honorable Robert D. Krause presiding, approved the application of Maurice C. Paradis, then Director of the Department of Business Regulation, as Receiver of Heritage Loan and Investment Company ("Receiver") to have the Court appoint a master with respect to claims relating to "off-line" deposit accounts at Heritage Loan and Investment Company ("Heritage"). See the Order dated February 12, 1992. As a result of said Order, William J. McAtee, Administrator/Master of the Superior Court was appointed as Master in the above-captioned receivership.
The Order provided that the Master:
 is appointed . . . for the purpose of hearing and determining the claims filed with the receiver relating to `off-line' deposit accounts, which claims shall be deemed to include claims to funds evidenced by handwritten or typewritten savings passbooks, claims to funds alleged to have been withdrawn without the depositor's authority to do so, claims to funds evidenced by safekeeping receipts, and claims to any funds which are not verifiable on the computer records maintained by Heritage Loan and Investment Company;"
 "That Master McAtee shall have all of the powers of a Justice of the Superior Court with respect to the hearings and determination of `off-line' deposit account claims, including, without limitation, those powers enumerated in Rhode Island General Laws § 8-2-11.1 (1985 Reenactment)."
R.I.G.L. 8-2-11.1 provides, in pertinent part, that:
 "Such administrator/master may be authorized: (1) To regulate all proceedings before him; (2) To do all acts and take all measures necessary or proper for the efficient performance of his duties; (3) To require the production before him of books, papers, vouchers, documents and writings; (4) To rule on the admissibility of evidence; (5) To issue subpoenas for the appearance of witnesses, to put witnesses on oath, to examine them and to call parties to the proceeding and examine them upon oath;"
In accordance with the above, a hearing was held on the above referenced claim on July 15 and July 16, 1992. At the conclusion of the hearing, the parties submitted Post-Hearing Memoranda.
Claimant, Armando Ricci, owner and operator of Ricci Drain Laying Co., Inc. testified that on various dates he began to deposit money in Heritage, which was located near his home, after being assured by Joseph Mollicone, Jr. that the money would be accessible at any time. The source of these deposits was cash maintained in the Ricci home by various members of the Ricci family.
On the day a deposit was to be made, Claimant would count the money, place it in a bag and carry it to Heritage. Once at Heritage, he would meet Peter Iannuccilli, would count the money, leave the room and return with Claimant's passbook with new entries marked thereon.
Claimant has produced two Heritage passbooks, one for claimed Account No. 02-07-000123 and one for claimed Account No. 02-07-004598. Furthermore, signature cards for the accounts in question do exist in the records of Heritage. The claimed amount in these two passbooks is One Hundred Sixty-Eight Thousand Four Hundred Five Dollars ($168,405). Although throughout 1990 until its closure, Heritage's deposit account records were computerized, neither of the above listed accounts appear in the computerized records of Heritage.
Both passbooks in dispute contained typewritten rather than computer generator entries. However, the Receiver has stipulated that the two passbooks contained entries that match the type of a typewriter at Heritage and that the passbooks were Heritage passbooks.
There is no other evidence in Heritage records that the deposits were made such as recorded in the cash for cash disbursements or variation in the "plug" figure that relate directly to these deposits. A "plug figure" on the cash settlement sheets represented money that should have been in Heritage but for some reason was not. Said plug figure is not a device in accord with generally accepted accounting principles but was used at Heritage to balance out the daily settlement sheets. This plug figure at Heritage therefore represented a "bank within a bank", an increase in the figure represents money that had gone out of Heritage without a corresponding withdrawal, a decrease means that money came into Heritage and was not evidenced by a deposit or loan payment.
Claimant did in fact have Heritage passbooks that were "on line" and contained computer generated entries but in testimony denies ever being aware of the difference in the type of entries.
After careful review of the evidence submitted as well as consideration of the testimony of the witnesses, this Court finds that Claimant did in fact open a savings account at Heritage and over a period of time made deposits into same in the amount of $168,405. Claimant believed that he had established two deposit accounts at Heritage and had no reason to believe that he was anything other than a depositor acting in the normal course of business.
Accordingly, Claimant is entitled to $168,405 plus interest from the claimed accounts. Counsel will prepare an order in accordance with this decision.